UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARIANNE WANSKA,

          Plaintiff,

v.                           Case No. 8:23-cv-2498-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

          Defendant.
_____

## **OPINION AND ORDER**[2]

### **I.   Status**

Karianne Wanska ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "Hashimoto[']s disease, tachycardia, vertigo, anxiety, depression[, and] [obsessive-compulsive disorder ('OCD')]." Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed December

---

[1]     Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), December 27, 2023; Reference Order (Doc. No. 16), entered December 28, 2023.

27, 2023, at 100; see Tr. at 108, 224. Plaintiff protectively filed an application for SSI on January 13, 2021, alleging a disability onset date of December 10, 2019. Tr. at 204-10; see Tr. at 100, 108. The application was denied initially, Tr. at 99, 100-07, 123-26, and upon reconsideration, Tr. at 108-16, 117, 128-29.

On February 27, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff (represented by counsel); a vocational expert ("VE"); and Plaintiff's mother, Maryanne Peats, testified.[3] Tr. at 35-69. At the time of the hearing, Plaintiff was twenty-six (26) years old. Tr. at 44. On March 31, 2023, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 10-22.[4]

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 4-6 (Appeals Council exhibit list and order), 202-03 (request for review), 315-16 (brief). On September 27, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On November 2, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g), as

---

[3] The hearing was held via telephone, with Plaintiff's consent. Tr. at 38, 171-73, 195-96.

[4] The administrative transcript also contains an ALJ decision dated December 13, 2019 and Appeals Council denial of review dated October 9, 2020 that adjudicated an earlier-filed application for SSI. Tr. at 73-88, 93-95. That adjudication is not at issue here.

incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as the issues: 1) whether "the ALJ properly evaluate[d] the pain and limitations that [Plaintiff] suffered from due to her diagnosed fibromyalgia"; and 2) whether "the ALJ's findings that [Plaintiff's] mental impairments were not as severe as alleged because she did not require hospitalization and appeared to 'improve' with treatment from Peace River were supported by substantial evidence." Plaintiff's Memorandum (Doc. No. 18; "Pl.'s Mem."), filed January 11, 2024, at 2, 14 (emphasis omitted). On February 12, 2024, Defendant responded to Plaintiff's issues by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem."). After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 3 -

(1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 12-21. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since January 13, 2021, the application date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: Hashimoto's thyroiditis, Psoriatic Arthritis, Fibromyalgia, Obesity, Mild asthma & allergies, Depression, Anxiety, and Bipolar." Tr. at 12 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b) except no more than occasional climbing of ladders, ropes, or scaffolds, frequently stoop, kneel, crouch, and crawl. Must avoid concentrated exposure to temperature extremes as well as fumes, odors, dust, gases, and other pulmonary irritants as well as workplace hazards, defined as moving mechanical parts and unprotected heights. She can understand, remember, and carry out simple and detailed instructions. Limited to frequent interaction with co-workers and occasional interaction with public. Limited to routine workplace changes and no fast paced or high production requirements.

Tr. at 14-15 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 20 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("23 years old . . . on the date the application was filed"), education ("at least a high school education"), lack of work experience, and RFC, Tr. at 20 (emphasis and citation omitted), the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "hand packager," "marker," and "inspector," Tr. at 21 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since January 13, 2021, the date the application was filed." Tr. at 21 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff argues the ALJ erred in assessing the effects of her fibromyalgia and mental impairments. Pl.'s Mem. at 2-24. Regarding the fibromyalgia, Plaintiff contends the ALJ improperly relied on a lack of objective medical evidence and failed to follow Social Security Ruling 12-2p. Id. at 2-14. Regarding the mental impairments, Plaintiff asserts the ALJ improperly relied on her lack of need for inpatient hospitalization and alleged improvement in symptoms to find her symptoms are not as severe as alleged. Id. at 14-24. Responding, Defendant contends the ALJ properly evaluated both the fibromyalgia and mental symptoms and ultimately found Plaintiff's allegations are not entirely supported. Def.'s Mem. at 6-14. The issues, both challenging the ALJ's evaluation of subjective complaints, are related and are addressed together.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has

persisted for at least 3 months." SSR 12-2p, 2012 WL 3104869.[6] Particularly related to fibromyalgia, SSR 12-2p "provides guidance on how the [Administration] develops evidence that a person has a medically determinable impairment of fibromyalgia and how it evaluates fibromyalgia in disability claims." Sorter v. Soc. Sec. Admin., Comm'r, 773 F. App'x 1070, 1073 (11th Cir. 2019) (citing SSR 12-2p, 2012 WL 3104869).

There are two main ways set forth in SSR 12-2p for evaluating whether fibromyalgia is a medically determinable impairment. The first way requires a claimant to have "[a] history of widespread pain" that "may fluctuate in intensity and may not always be present," as well as "[a]t least 11 positive tender points on physical examination" with various requirements; and finally, "[e]vidence that other disorders that could cause the symptoms or signs were excluded." SSR 12-2p. The second way requires "[a] history of widespread pain"; "[r]epeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"; and "[e]vidence that other disorders that could cause

---

[6] Social Security Rulings "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations that [the Administration has] adopted." 20 C.F.R. § 402.35(b)(1).

these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." Id.

Once an ALJ determines that a claimant has the medically-determinable impairment of fibromyalgia, the ALJ proceeds with a symptom-evaluation process. Id. "If objective medical evidence does not substantiate the [claimant's] statements about the intensity, persistence, and functionally limiting effects of symptoms, [the Administration is to] consider all of the evidence in the case record, including the [claimant's] daily activities, medications or other treatments the [claimant] uses, or has used, to alleviate symptoms; the nature and frequency of the [claimant's] attempts to obtain medical treatment for symptoms; and statements by other people about the [claimant's] symptoms." Id.

Then, the fibromyalgia impairment is included in the five-step sequential evaluation process as with other impairments. Id. Importantly, when an ALJ is considering the RFC, SSR 12-2p directs that "for a person with [fibromyalgia,] we will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'good days and bad days.'" Id.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant

work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ found that "because the testimony and allegations of [Plaintiff] appear inconsistent or less than fully supported by substantial evidence as a whole, . . . [Plaintiff's] medically determinable conditions are not as severe as alleged." Tr. at 20. Regarding the fibromyalgia, the ALJ did give Plaintiff the benefit of the doubt and found it to be a severe impairment at step two. Tr. at 12. And, although the ALJ did not specifically refer to SSR 12-2p, the Decision reflects consideration of the diagnosis. Plaintiff testified, and the ALJ repeated in the Decision, that Plaintiff's then-current rheumatologist was not prescribing any particular treatment or medication for fibromyalgia (even though Plaintiff believed the rheumatologist diagnosed fibromyalgia). Tr. at 54-

56 (testimony), 19 (ALJ finding). The relevant notes in the administrative transcript reflect attempts by Plaintiff's physicians to rule out the cause of Plaintiff's pain and stiffness, often diagnosing psoriatic arthritis but exploring other diagnoses. See, e.g., Tr. at 915-32. One note indicates Plaintiff's (former) rheumatologist "does not think it is psoriatic arthritis" but instead "[t]hinks is due to fibromyalgia." Tr. at 878. A rheumatology note indicates Plaintiff was tender to the touch but had no swelling in joints or pain or reduced range of motion—Plaintiff was "educated about fibromyalgia" including that it is a "[d]iagnosis of exclusion and not inflammatory or autoimmune," and given recommendations for improved symptoms. Tr. at 916-17. A later (November 29, 2022) note from Plaintiff's new rheumatologist documents positive anthralgias, joint swelling and myalgias but diagnoses of psoriatic arthritis, psoriasis, and multiple joint pain (not fibromyalgia). Tr. at 946-51. Thus, the record is tenuous on whether Plaintiff actually has fibromyalgia. In any event, to the extent she does, the ALJ's Decision reflects consideration of the relevant matters and need not be disturbed.

As to the mental impairments, Plaintiff mainly contends the ALJ was wrong to find they improved, to rely on Plaintiff's lack of inpatient treatment, and to fail to consider the episodic nature of the impairments. Pl.'s Mem. at 14-24. The United States Court of Appeals for the Eleventh Circuit has recognized that "the episodic nature of" bipolar disorder must be considered by an ALJ.

Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019); see also, e.g., Simon v. Commissioner, Social Security Administration, 7 F.4th 1094, 1106 (11th Cir. 2021). In Schink, the Eleventh Circuit found unsupported by substantial evidence an ALJ's step two determination that bipolar disorder was not severe in light of the "episodic nature of" the disorder and the evidence of record that showed the disorder had more than a minimal effect on the claimant's ability to work. 935 F.3d at 1268. And, because the RFC assigned by the ALJ did not reflect any mental limitations, the Eleventh Circuit found that the ALJ "evidently failed" to consider the mental impairments, including bipolar disorder, at step four. Id. at 1269-70. The matter was reversed in part and remanded. Id. at 1270.

The facts in Schink and its progeny differ from the facts here. First, Schink analyzed the pre-2017 Regulations, which required that a treating doctor's opinion be given controlling weight unless there was good cause to discount it. Here, those Regulations (giving controlling weight to certain medical opinions) do not apply, and there are no treating opinions at issue. Second, the ALJ did not fail to recognize the fluctuation in symptoms. Instead, the evidence in the file post-dating the January 13, 2021 SSI filing date (which begins the relevant timeframe for purposes of determining whether Plaintiff was disabled) simply does not support the severity of the symptoms alleged during the relevant time period. Instead, these symptoms improved with

treatment, but for an occasional time when Plaintiff ran out of medication or reported sleep disturbances. Tr. at 336-456, 468-664, 677-792, 828-59, 861-67, 882-83, 950, 952, 955-79.[7] Third, to the extent the ALJ relied in part on Plaintiff's lack of inpatient treatment during the relevant time period, that consideration was one of many that went into the ultimate conclusion. In context, it was not an inappropriate observation. The ALJ's Decision reflects thoughtful consideration of the mental impairments and need not be disturbed.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.   The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 18, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

---

[7]   Some of these cited documents are duplicates.